UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL M. RISIS,<br><br>Petitioner,<br><br>v.<br><br>STATE OF NEW JERSEY, *et al.*,<br><br>Respondents. | Civil Action No. 25-16629 (GC)<br><br>**MEMORANDUM & ORDER** |

Petitioner Daniel M. Risis is proceeding *pro se* with a petition for writ of habeas corpus (Petition) pursuant to 28 U.S.C. § 2241 (§ 2241). (ECF No. 1.) According to the Petition, Petitioner is confined at the Essex County Correctional Facility in Newark, New Jersey. (*Id.* at 1.) Petitioner also submits a memorandum of law (ECF No. 1-1), a cover letter (ECF No. 1-2), a proposed order (ECF No. 3), and a certificate of service (ECF No. 4). In addition, Petitioner moves for an order to show cause (Motion for OTSC). (ECF No. 2; *see also* ECF Nos. 2-1 through 2-6 (Exhibits A through L), ECF No. 2-7 (inmate notification form), ECF No. 2-8 (notice of filing), and ECF No. 2-9 (proposed order).) Petitioner also has filed a motion to permit him to appear in civilian attire at all court proceedings (Motion to Appear in Civilian Attire). (ECF No. 2.)

Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L. Civ. R. 81.2(a). Petitioner did not use the habeas form supplied by the Clerk for § 2241 petitions, *i.e.*, AO 242 (12/11) Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.

In addition, Petitioner did not sign the Petition. The Petition instead was signed by Jamie Resnick, who states:

> I Jaime Resnick, certify under 28 U.S.C. § 1746 that I am the lawful Power of Attorney for Daniel M. Risis and have transmitted this petition at his express direction. I am not an attorney and do not act as one. All communications between Mr. Risis and myself are privileged, confidential, and protected under N.J.R.E. 504 and the Crime Victims' Rights Act (N.J.S.A. 52:4B-36).

(ECF No. 1 at 12.)

The federal habeas statute requires that a petition for a writ of habeas corpus "shall be in writing signed and verified by the person for whose relief it is intended or someone acting in his behalf." 28 U.S.C. § 2242; *see also* Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts (applicable to § 2241 petitions through Rule 1(b) and requiring the petition to be signed under penalty of perjury or by a person authorized to sign it for the petitioner under § 2242). In limited circumstances, persons unable to prosecute their own actions may have third persons— "next friends"—stand in for them. *See Whitmore v. Arkansas*, 495 U.S. 149, 161-62 (1990).

To qualify for "next friend" status, the third person must satisfy two requirements: (i) "First, a 'next friend' must provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action,'" id. at 163 (citations omitted); (ii) "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest," *id.* at 163-64 (citations omitted). "The burden is on the 'next friend' clearly to establish the propriety of [her] status and thereby justify the jurisdiction of the court." *Id.* at 164 (citations omitted). "[N]ext friend" standing "'is by no means granted automatically to whomever seeks to

pursue an action on behalf of another,' *Id.* at 163 (1990), and next friend habeas petitions are 'rare.' *Figueroa v. Rivera*, 147 F.3d 77, 82 (1st Cir. 1998)." *Dyer ex rel. Dyer v. Warden of S. Woods State Prison*, No. 25-14807, 2025 WL 2783868, at *2 (D.N.J. Sept. 30, 2025).

To the extent that the Petition could be construed as invoking the "next friend" doctrine, the Court concludes that Resnick does not satisfy either the "adequate explanation" or the "best interests" requirement. In particular, "a power of attorney does not confer 'next friend' status." *Id.* (quoting *Montelione ex rel. Montelione v. Corbett*, No. 08-790, 2008 WL 1994816, at *1 (M.D. Pa. May 2, 2008)). Furthermore, "the Third Circuit has held that a 'non-attorney cannot represent another party, even if acting as a next friend.'" *Kerrigan v. Ortiz*, No. 21-1027, 2021 WL 6424641, at *2 (D.N.J. Dec. 6, 2021) (quoting *Schlemmer v. Cent. Intel. Agency*, 804 F. App'x 127, 128 (3d Cir. 2020). Accordingly, as a layperson, Resnick cannot litigate this case as a next friend without retaining an attorney.

Petitioner also did not submit the five-dollar filing fee for a habeas petition, *see* 28 U.S.C. § 1914(a), or apply to proceed *in forma pauperis* ("IFP").

**IT IS**, therefore, on this day 17th day of October, 2025, **ORDERED** as follows:

**ORDERED** that the Clerk of the Court shall administratively terminate this case, without filing the Petition; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't*, 413 F. App'x 498, 502

(3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs . . . ."); and it is further

**ORDERED** that the Clerk of the Court shall forward to Petitioner a blank § 2241 form—AO 242 (12/11) Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241—as well as a blank form DNJ-Pro Se-007-B-(Rev. 09/09) by regular U.S. mail; and it is further

**ORDERED** that the Clerk of the Court's service of the blank § 2241 form shall not be construed as this Court's finding that the petition is or is not timely, that the Petitioner's claims are or are not unexhausted, or that his claims are or are not procedurally defaulted; and it is further

**ORDERED** that if Petitioner (or Resnick as his alleged "next friend") wishes to reopen this case, he or she shall so notify the Court, in a writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, within thirty (30) days of the date of entry of this Memorandum and Order; the writing shall include (i) a complete habeas petition on the appropriate form; (ii) a complete IFP application or the five-dollar filing fee; and (iii) either the complete habeas petition on the appropriate form signed by Petitioner, or sufficient evidence that Petitioner is unable to proceed on his own behalf and that Resnick otherwise meets the requirements for "next friend" status; and it is further

**ORDERED** that upon receipt of the prescribed writing, the Clerk of the Court will be directed to reopen this case; and it is further

**ORDERD** that the Motion for OTSC (ECF No. 2) and the Motion to Appear in Civilian Attire (ECF No. 3) are **DENIED without prejudice**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

_____
GEORGETTE CASTNER
United States District Judge